IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINO BOSETTI and<br>ROBERT CLEARY,<br><br>Designated Trustees of the<br>Western Pennsylvania Teamsters<br>and Employers Pension Fund,<br><br>Plaintiffs,<br><br>v.<br><br>GREENSBURG CONCRETE<br>BLOCK CO.,<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

1. This action is brought to collect delinquent pension contributions and additional damages arising under the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 et. seq., and under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 and 1145, and as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1381 et. seq.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 4301(c) of ERISA, 29 U.S.C. §1451(c). The relief sought is specifically authorized under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and 1145.

3. The Western Pennsylvania Teamsters and Employers Pension Fund ("Pension Fund") is administered in Pittsburgh, Pennsylvania and, pursuant to Section 4301(d) of ERISA, 29 U.S.C. §1451(d), the proper venue for this action is with this Court.

4. Plaintiffs Gino Bosetti and Robert Cleary are, respectively, the Chairman Trustee and Secretary Trustee of the Pension Fund, and they are duly authorized to pursue this action on behalf of the Pension Fund, which is a Multiemployer Employee Benefit Trust Fund within the meanings of Section 3 (37), (2), (3) and 4001(a)(3) of ERISA, 29 U.S.C.§§1002 (37), (2),(3) and 1301(a)(3). The Pension Fund has a principal place of business located at 49 Auto Way, Pittsburgh, PA 15206.

5. The Pension Fund was established in 1956 pursuant to the Labor Management Relations Act for the purpose of providing retirement benefits for eligible employee participants and their beneficiaries as provided under the terms of collective bargaining agreements between employers, such as Defendant, and various Teamsters Local Unions, such as Local Union No. 30 of Jeannette, Pennsylvania ("Local 30"), which are affiliated with Joint Council No. 40 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

6. Defendant is a Pennsylvania corporation, which was incorporated on or about September 7, 1950 and, based upon information and belief, Defendant has a place of business located on South Main Street, Greensburg, PA 15601.

7. Defendant entered into a collective bargaining agreement ("CBA") with Local 30 and under that CBA Defendant agreed to become a participating employer in the Pension Fund and to make monthly contributions to the Pension Fund on behalf of Defendant's employees who are members of Local 30.

8. On or about June 1, 1968, Defendant became a participating employer in the Pension Fund, and Defendant agreed to be bound by the Pension Fund's Trust Agreement, Pension Plan and all rules and regulations adopted by the Pension Fund's Trustees, as well as all the actions of

the Pension Fund's Trustees in administering the Pension Fund.

9. As required by the terms of the CBA between Defendant and Local 30, by the Pension Fund's rules and regulations, and by the terms of other legally binding documents signed by Defendant, or as a result of duties under applicable labor-management relations law, Defendant is obligated to make and has made monthly contributions to the Pension Fund for a number of years.

10. The Pension Fund usually issues an invoice each month to participating employers, including Defendant, for contributions that are owed, and the payment of each invoice is due on the fifteenth (15th) day of the month following the date on the invoice.

11. The Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") provides that, if any contributions are not paid in a timely manner, the Pension Fund is entitled to collect liquidated damages in the amount of twenty (20%) percent of the contributions owed. The liquidated damages are based upon each monthly contribution that is owed and that is not paid on or before the due date.

12. Each month employers participating in the Pension Fund, including Defendant, are required to submit to the Pension Fund an employment or work history report ("Report") setting forth, inter alia, the names of the employer's employees who are eligible for pension contributions to be paid on their behalf to the Pension Fund and the number of weeks that each employee worked during the month. The information set forth in the Report is necessary for the Pension Fund to determine the amount of contributions that an employer owes on behalf of its employees. If an employer fails to submit a Report, then the Pension Fund invoices the employer an estimated amount of contributions owed, based upon the most recent Report submitted by the

employer to the Pension Fund.

13. In or about October, 2011, Defendant and Local 30 signed a 2010 Rehabilitation Selection Form, and Defendant thereby agreed to adhere to the Preferred Schedule under the Pension Fund's Rehabilitation Plan, which requires a 6% annual increase in the weekly pension contribution rate for each eligible employee. The pension contribution rate in effect for Defendant's eligible employees for the period of September 1, 2016 through August 31, 2017 is $207.11 per week.

14. Based upon the most recent Report submitted by Defendant, during the period of December, 2016 through April, 2017, the Pension Fund sent monthly invoices to Defendant for pension contributions for a total sum of $27,338.52, and the amount owed as set forth in each monthly invoice is as follows: December 1, 2016 - $6,213.30; January 1, 2017 - $4,970.64; February 1, 2017 - $4,970.64; March 1, 2017 - $6,213.30, and April 1, 2017 - $4,970.64.

15. Defendant has failed to make the required monthly contributions and to submit the required Reports to the Pension Fund in a timely manner for the invoices issued during the five (5) month period from December, 2016 through April, 2017 (hereinafter referred to as "Outstanding Invoices"), and the principal amount of the pension contributions owed by Defendant to the Pension Fund is $27,338.52.

16. Under the rules adopted by the Pension Fund and as authorized by Section 502(g)(2) and 515 of ERISA, 29 U.S.C.A. §1132(g)(2) and 1145, the Pension Fund is entitled to collect from Defendant reasonable attorney's fees, court costs and liquidated damages in the amount of twenty (20%) percent of any delinquent pension contributions.

17. The Pension Fund has sent notices to Defendant advising that its pension

contributions are delinquent ("Delinquent Notices") and advising that the Pension Fund reserves the right to assess liquidated damages on all delinquent monthly pension contributions.

18. By letter dated March 29, 2017 ("Demand Letter"), which was sent by certified mail, return receipt requested, counsel for the Pension Fund notified Defendant that it had failed to pay certain invoices for the Pension Fund and that Defendant had failed to submit the Reports which identify the names of its employees and the weeks that its employees worked for which Defendant owes contributions to the Pension Fund. The Demand Letter was delivered to Defendant, and a receipt for the Demand Letter was signed on March 31, 2017.

19. In the Demand Letter, it was demanded that Defendant pay all delinquent contributions due on or before April 15, 2017 and that, if payment was not received by April 30, 2017, the Pension Fund's Trustees would assess liquidated damages consisting of twenty (20%) percent of the amount of contributions that are owed as of that date. The Demand Letter also notified Defendant that, if this matter was not resolved by April 30, 2017, the Pension Fund's Trustees would consider authorizing the Pension Fund's counsel to file a lawsuit for collection of delinquent contributions and seek payment for liquidated damages, accrued interest at the rate of eight (8%) percent on the unpaid balance of contributions, attorney's fees and court costs.

20. Despite the Pension Fund's demands, Defendant has failed to pay the delinquent contributions, and the Pension Fund Trustees have assessed liquidated damages against Defendant for certain delinquent pension contributions.

21. By letter dated May 1, 2017, the Pension Fund issued the April, 2017 invoice to Defendant in the amount of $9,444.22 of which $4,970.64 was for pension contributions owed for April, 2017 and $4,473.58 was for liquidated damages in connection with the delinquent

5

contributions owed for the Outstanding Invoices. In the May 1, 2017 letter, the Pension Fund notified Defendant that the April, 2017 invoice included liquidated damages in the amount of $4,473.58, which is 20% of the delinquent contributions owed as of April 15, 2017.

22. By letter, dated May 8, 2017 ("Delinquency Letter"), the Pension Fund notified Defendant that its pension contributions for the period of December, 2016 through April, 2017, were delinquent and that Defendant had been assessed liquidated damages for failure to make monthly contributions in a timely manner.

23. The total of delinquent contributions for the Outstanding Invoices and the liquidated damages owed to the Pension Fund is $31,812.10, consisting of $27,338.52 in delinquent pension contributions and $4,473.58 in liquidated damages.

24. Pursuant to the U.S. Department of Labor regulations, the Pension Fund is required to credit with benefit service any of Defendant's participating employees who worked during the period for which contributions are owed. Defendant has improperly failed to submit the necessary Reports for the months of December, 2016 through April, 2017 in order for the Pension Fund to determine the benefit service with which each of Defendant's participating employees is entitled to be credited.

25. In accordance with ERISA, the provisions of the Pension Fund's Trust Agreement, the CBA between Defendant and Local 30 and the 2010 Rehabilitation Selection Form pursuant to the Pension Fund's Rehabilitation Plan,, all of which are binding upon Defendant, the Pension Fund is entitled to assess Defendant, and receive payment from Defendant, for the following:

    A. Monthly pension contributions in the amount of $27,338.52;

    B. Liquidated damages in the amount of $4,473.58, which is equal to twenty

(20%) percent of the amount of Defendant's delinquent contributions for invoices issued from December, 2016 through March, 2016;

  C. Interest at the rate of 8% per annum from the date that each delinquent contribution was due;

  D. Court costs; and

  E. Reasonable attorney's; fees.

WHEREFORE, Plaintiffs respectfully request the following relief:

  A. That a judgment be entered in favor of Plaintiffs and against Defendant in the amount of $31,812.10, plus interest at the rate of 8% per annum on all delinquent contributions, court costs and reasonable attorney's fees;

  B. That an Order be issued compelling Defendant to prepare and submit to the Pension Fund the employment or work history reports setting forth the required information about its eligible employees for any period for which pension contributions are owed to the Pension Fund; and

  C. Such other relief as this Court may deem proper and just.

WICK, STREIFF, MEYER,
O'BOYLE & SZELIGO, P.C.

By: /s/ David M. O'Boyle
    Vincent P. Szeligo
    PA ID# 28967
    vszeligo@wsmoslaw.com
    David M. O'Boyle
    PA ID# 23948
    doboyle@wsmoslaw.com
    Attorneys for Plaintiffs

WICK, STREIFF, MEYER,
O'BOYLE & SZELIGO, P.C.
1450 Two Chatham Center
112 Washington Place
Pittsburgh, PA  15219-3455
Phone:  (412) 765-1600
Fax:  (412) 261-3783